IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SYNERGY ADVISORY SERVICES, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-CV-1699-BH** |
| | § | |
| | § | |
| **CLEARPRISM, LLC,** | § | |
| **Defendant.** | § | **Consent Case[1]** |

### MEMORANDUM OPINION AND ORDER

Based on the relevant filings, evidence, and applicable law, *Plaintiff's Motion for Partial Summary Judgment*, filed January 27, 2023 (doc. 15) is **GRANTED**.

### I.  BACKGROUND

On or about July 3, 2021, Synergy Advisory Services, LLC (Plaintiff) entered into a Services Contract to provide consulting services to ClearPrism, LLC (Defendant) for marketing and selling of its artificial intelligence-based software, in exchange for advisory fees, including monthly commitment fees and a transaction fee. (docs. 6 at 4; 17 at 2, 4.)[2] Plaintiff provided the consulting services from July 2021 through December 2021, and Defendant sold the software at the end of 2021. (doc. 17 at 4.) A dispute arose over Plaintiff's claim that it was owed $235,000.00 for its services. (*Id.*)

On June 24, 2022, the parties entered into a Mutual Release and Settlement Agreement (Settlement Agreement) to resolve the payment dispute. (*Id.* at 2, 4-8.) Under the terms of the Settlement Agreement, Plaintiff agreed to release its claims against Defendant in exchange for

---

[1]By consent of the parties and order filed November 15, 2022 (doc. 13), this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

$169,500.00, payable in six monthly installments, with its release becoming effective and irrevocable on Defendant's timely fulfillment of its payment obligations. (*Id.* at 5.) The Settlement Agreement states that if Defendant fails to "timely fulfill its duties and obligations under this Agreement, [Plaintiff] may sue [Defendant] for either breach of the Agreement or the amount owed to it for the Consulting Services plus all reasonable attorney's fees and costs." (*Id.*) It provides that "[t]ime is of the essence in this Agreement, and all deadlines shall be strictly construed," and that the parties "expressly acknowledge and agree that the consideration given in connection with this Agreement constitutes adequate consideration for all agreements and obligations under this Agreement." (*Id.* at 6.)

Defendant has made only one payment under the Settlement Agreement. (*Id.* at 3.) The total amount remaining due is $141,250.00. (*Id.*)

On August 5, 2022, Plaintiff sued Defendant for breach of both the Service Contract and the Settlement Agreement. (*See* doc. 1.) The amended complaint alleges that Defendant breached the Services Contract when it failed to pay Plaintiff its agreed consulting fees, and that Defendant breached the Settlement Agreement when it failed to make timely monthly payments. (doc. 6 at 4-5.) It seeks actual damages and reasonable and necessary attorney's fees and costs of court under Tex. Civ. Prac. & Rem. Code § 38.001, *et. seq.* and the Settlement Agreement. (*Id.* at 5.)

On January 27, 2023, Plaintiff moved for partial summary judgment on its breach of contract claim under the Settlement Agreement. (docs. 15-16.) Defendant responded on February 17, 2023, and Plaintiff replied on March 2, 2023. (docs. 19-22.)

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no

2

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law. FED. R. CIV. P. 56(a).  "[T]he substantive law will identify which facts are material."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the

court of the basis of its motion and by identifying the portions of the record that reveal there are no

genuine material fact issues.  *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on

an issue, it must "establish beyond peradventure *all* of the essential elements of the claim or

defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot*

*v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (emphasis original). The moving party can also

meet its summary judgment burden by "pointing out to the district court [] that there is an absence

of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325 (internal quotation

omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." *Id.* at 323.

Once the movant meets its summary judgment burden, the non-movant must then direct the

court's attention to evidence in the record sufficient to establish that there is a genuine issue of

material fact for trial. *Id.* at 324.  It must go beyond its pleadings and designate specific facts to

show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[3]  Rule 56 imposes no

obligation "to sift through the record in search of evidence to support a party's opposition to

---

[3]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting

*Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).  Parties must "identify specific

evidence in the record" supporting challenged claims and "articulate the precise manner in which

that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d

1527, 1537 (5th Cir. 1994)). While all of the evidence must be viewed in a light most favorable to

the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the

non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

Summary judgment in favor of the movant is proper if, after adequate time for discovery, the

motion's opponent fails to establish the existence of an element essential to its case and as to which

it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### III.  BREACH OF CONTRACT

Plaintiff moves for summary judgment on its claim for breach of the Settlement Aagreement,

arguing there is no dispute as to any material fact as to the essential of elements of this claim. (doc.

16 at 5.)

Under Texas law,[4] the elements of a breach of contract claim are: "(1) the existence of a valid

[4]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). "Under Texas law, the substantive law of the state chosen by the parties to govern their contractual rights and duties will be applied unless the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." *United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990)). Here, the Settlement Agreement states that it was entered into in Texas and that it "shall be construed and enforced in accordance with the laws of the State of Texas." (doc. 17 at 6); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see, e.g., DB W., Inc.-Texas v. Invista, S.A. R.L.*, No. CIV.A. H-09-2750, 2009 WL 3297297, at

contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston [1st Dist.] 2003, pet. denied). "Whether a party has breached a contract is a question of law." *Gardocki v. J.P. Morgan Chase Bank*, No. 12-2254, 2014 WL 12537076, at *4 (S.D. Tex. June 11, 2014) (citing cases).

To meet its summary judgment burden, Plaintiff provides the Settlement Agreement and the affidavit of its president (President). (*See* doc. 17.) This evidence establishes that the Settlement Agreement is an agreement between Plaintiff and Defendant to settle a payment dispute for the total amount of $169,500.00, and that it was executed by both parties. (*Id.* at 5, 20-26.) Under the terms of the Settlement Agreement, Defendant agreed to pay Plaintiff the settlement amount in six monthly installments beginning on June 15, 2022, and "continuing on the 15th day of each consecutive month thereafter until fully paid," that Plaintiff may sue Defendant for breaching the Settlement Agreement if it "does not timely fulfill its duties and obligations under" the agreement. (*Id.* at 5.) On the date that Defendant timely fulfills its payment obligations under the Settlement Agreement, "and not sooner," Plaintiff's full release of all claims against Defendant relating to the Services Contract "shall become effective and irrevocable." (*Id.*) President's affidavit states that he "only received one payment from [Defendant] to [Plaintiff] due under the Settlement Agreement," that Defendant "has since failed to make any other payments due," and that "[t]he amount remaining due to [Plaintiff] under the Settlement Agreement is $141,250.00." (*Id.* at 3.) Plaintiff's evidence is sufficient to

___

*1 (S.D. Tex. Oct. 13, 2009) (finding the choice-of-law provision in the contract established Delaware as the governing substantive law to the allegations in the lawsuit). Further, the parties do not dispute that Texas law applies.

establish that Defendant breached the Settlement Agreement when it failed to timely fulfill its payment obligations, and that Plaintiff is entitled to recover damages in the amount of $141,250.00 for Defendant's breach of the agreement.

The burden now shifts to Defendant to identify evidence in the record raising a genuine issue of material fact that Plaintiff is not entitled to recover on this claim for breach of the Settlement Agreement. Defendant does not dispute that it did not timely fulfill its payment obligations under the Settlement Agreement, and it does not point to any evidence creating a genuine dispute of material fact that its failure to make all monthly payments was a breach of the Settlement Agreement. Instead, it generally argues that there is no evidence to establish that Plaintiff performed under the Settlement Agreement, but Plaintiff fully performed the agreement by agreeing to release its claims against Defendant for breaching the Services Contract, which was contingent on Defendant timely making all payments due under the Settlement Agreement. (doc. 20 at 2.) As discussed, it is undisputed that Defendant failed to fulfill its payment obligations. *See Harris Cnty. Util. Dist. No. 16 v. Harris Cnty. Mun. Dist. No. 36*, No. 01-10-00042-CV, 2011 WL 3359698, at *6 (Tex.App.–Houston [1st Dist.] Aug. 4, 2011, no pet.) (mem.op.) ("When a party's obligation under the contract is conditioned upon the happening of a future event, the condition must be performed or fulfilled exactly as set forth in the contract before the promise can be enforced.").

Because Defendant has failed to sustain its burden to identify evidence in the record sufficient to create a genuine issue of material fact on any element of Plaintiff's breach of contract claim, Plaintiff is entitled to summary judgment as a matter of law on this claim.

### IV.  CONCLUSION

Plaintiff's motion for partial summary judgment is **GRANTED**, and it is entitled to judgment

in its favor against Defendant for damages in the amount of $141,250.00. Remaining in this action

is Plaintiff's claim for attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001, *et. seq.* and the

Settlement Agreement.

       **SO ORDERED** on this 5th day of September, 2023.

 

 

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE