IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SYNERGY ADVISORY SERVICES, LLC,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1699-BH |
| | § | |
| **CLEARPRISM, LLC,** | § | |
| Defendant. | § | Consent Case[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings, evidence, applicable law, and lack of opposition, *Plaintiff's Motion for Attorneys' Fees and Costs*, filed September 19, 2023 (doc. 27), is **GRANTED**.

### I. BACKGROUND

This application for attorney's fees and costs arises out of a lawsuit filed by Synergy Advisory Services, LLC (Plaintiff) against ClearPrism, LLC (Defendant) for breach of contract. (doc. 6 at 4.)[2] By memorandum opinion and order filed September 5, 2023, Plaintiff's motion for partial summary judgment on its claim for breach of contract was granted, and Defendant was found liable for damages in the amount of $141,250.00. (*See* doc. 24 at 6-7.) The parties agreed that the only issue remaining for determination was the amount of reasonable and necessary attorney's fees and costs to which Plaintiff was entitled. (*See* doc. 25.) On September 19, 2023, Plaintiff filed its motion for attorney's fees and costs, under the contract and state law, and the parties stipulated to determination of the claim for fees based on the submissions without a hearing. (*See* docs. 27, 31.) Defendant ultimately did not respond to the motion.

---

[1] By consent of the parties and order filed November 15, 2022 (doc. 13), this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. ATTORNEY'S FEES AND COSTS[3]

"The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005). Under Texas law, a party may recover attorney's fees only when allowed by statute or contract. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP,* 578 S.W.3d 469, 484 (Tex. 2019); *see also* Tex. Civ. Prac. & Rem. Code § 38.001(8).

Here, the Settlement Agreement provides: "In the event that either Party sues to enforce this Agreement, the prevailing Party shall be entitled to any reasonable and necessary attorney's fees, costs or expenses it incurs in such action. (doc. 29 at 5.) Because Plaintiff prevailed on its claim for breach of the Settlement Agreement, it is entitled to its reasonable attorney's fees and costs under this agreement.

Under Texas law, the party seeking to recover attorney's fees "bears the burden of establishing the fees are reasonable and necessary." *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017). In adjudicating an attorney's fee award, a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). The fee claimant bears the burden of providing sufficient evidence on both the reasonable hours worked and the reasonable rate. *Id.* "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were

---

[3]Plaintiff cites Rule 54(d) in support of its motion for attorney's fees and costs, but that rule provides that a claim for attorney's fees and related non-taxable costs must be made by motion filed no later than 14 days after the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2). The "entry of judgment" to which Rule 54(d)(2)(B) refers is the entry of judgment by the district court. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765-66 (5th Cir. 1996). No judgment has yet been entered.

performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos Venture*, 578 S.W.3d at 502.

In Texas, uncontroverted attorney testimony or an affidavit testifying to the attorney's qualifications, reasonableness of the attorney's fees, and the basis for the opinion, may be sufficient to support an award of attorney's fees. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.–Fort Worth 1997, no writ) ("Where ... trial counsel's testimony concerning attorneys' fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so."). "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (emphasis added).

Second, a court must consider whether the lodestar figure should be adjusted upward or downward to achieve a reasonable fee award depending on its analysis of several factors.[4] *Rohrmoos*

---

[4] In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997), the Texas Supreme Court identified the following factors to determine the reasonableness of attorney's fees:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing Tex. Disciplinary R. Prof'l Conduct 1.04(b)).

3

*Venture*, 578 S.W.3d at 501. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See El Apple I*, 370 S.W.3d at 765 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)). The party seeking an enhancement or reduction to the lodestar figure must provide specific evidence to overcome the presumptive reasonableness of the lodestar. *Rohrmoos Venture*, 578 S.W.3d at 501.

      Here, Plaintiff submits declarations from two of its counsel and billing records. (*See* doc. 29 at 11-55.) The declarations set out the hourly rates for the individuals who worked on the case, state that the rates are reasonable based on their skills and experience, and opine that $27,742.50 for attorney's fees and $409.86 for costs and expenses are reasonable and necessary. (*Id.* at 11-15.) The attached billing records itemize the time spent on this case with details regarding the specific work performed, the charges for that time, and the incurred costs and expenses. (*Id.* at 16-55.) Under Texas law, Plaintiff's evidence is "legally sufficient" for an award of attorney's fees. *See In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App–Tyler 2009, no pet.) ("[A]ttorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary. Thus, [the party's] attorney's affidavit sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees."). Plaintiff's lodestar figure represents a reasonable fee award and neither party argues for an adjustment to the lodestar. Considering the relevant factors, no adjustment to the lodestar figure is necessary. *See Arthur Andersen*, 945 S.W.2d at 818. Because the attorney's fees and costs that Plaintiff seeks is reasonable

4

as a matter of law, it is entitled to the full amount requested. *See Ragsdale*, 801 S.W.2d at 882.[5]

## IV.  CONCLUSION

Plaintiff's motion for attorney's fees and costs is **GRANTED**, and it is awarded $27,742.50 in attorney's fees and $409.86 in costs.

**SO ORDERED** on this 13th day of October, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5]Plaintiff also seeks attorney's fees under § 38.001 of the Texas Civil Practices & Remedies Code, which allows the recovery of reasonable attorney's fees from an individual or corporation "if the claim is for ... an oral or written contract." Under Texas law, "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38." *Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). When, as here, the contract at issue provides for the recovery of attorney's fees, "the terms of the contract, not statute, control the outcome of this issue." *Mohican Oil & Gas, LLC v. Scorpion Expl. & Prod., Inc.*, 337 S.W.3d 310, 321 (Tex. App.—Corpus Christi 2011, pet. denied) (citations omitted); *accord Intercontinental Group P'ship*, 295 S.W.3d at 653 (determining attorney's fees according to mandatory fee-award contract and looking to § 38.001 only as instructive but not controlling); *see Garcia v. Wells Fargo Bank, N.A.*, No. 3:12-CV-645-P, 2012 WL 12873202, at *6 (N.D. Tex. Oct. 26, 2012) (citing *id.*) ("Contractual agreements providing for the recovery of attorney's fees supersede the statutory provisions for the recovery of fees found in Texas Civil Practice & Remedies Code chapter 38."). Because the Settlement Agreement "provide recovery for attorney's fees and costs, the court need not address whether [Plaintiff] is entitled to such fees and costs pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code." *Branch Banking & Tr. Co. v. Mansfield Barbecue, LLC*, No. 3:19-CV-158-L, 2019 WL 5684430, at *3 (N.D. Tex. Oct. 31, 2019).