IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SYNERGY ADVISORY SERVICES, LLC, §
§
Plaintiff, §
§
V. §                    No. 3:22-cv-1699-BN
§
CLEARPRISM, LLC, §
§
Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff (and Judgment Creditor) Synergy Advisory Services, LLC has filed a

Motion for Post-Judgment Receivership. *See* Dkt. No. 36. Synergy "asks the Court to

sign a turnover order and to appoint receiver, Ms. Dana E. Lipp, a member of the bar

of this court and certified public accountant, to collect a final judgment entered in

this Honorable Court on October 13, 2023." *Id.* at 1.

Defendant (and Judgment Debtor) ClearPrism, LLC filed a Response to

Plaintiff's Motion for Post-Judgment Receivership. *see* Dkt. No. 39. Synergy did not

file a reply, and its deadline to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1.

For the reasons explained below, the Court denies Plaintiff Synergy Advisory

Services, LLC's Motion for Post-Judgment Receivership [Dkt. No. 36].

## Background

As Synergy summarizes in its motion,

[o]n October 13, 2023, pursuant to and in accordance with Fed. R. Civ.
P. 58(a) the United States District Court for the Northern District of
Texas entered a judgment in this case styled *Synergy Advisory Services,
LLC, vs. Clear Prism, LLC*, filed as docket number 3:22-cv-I 699-BH.
The Court awarded Judgment Creditor a judgment in the amount

of $141,250.00 for actual damages; $27,742.50 for attorney's fees ; and $409.86 for costs all against Defendant and Judgment Debtor ClearPrism, LLC ("Judgment Debtor").

Judgment Debtor did not appeal to the United States Court of Appeals for the Fifth Circuit. Judgment Debtor has not satisfied the Judgment. Judgment Debtor has not paid any portion of the Judgment.

The judgment of the Court is final and is a valid, subsisting judgment. A true and correct copy of the Court's judgment is attached to this motion as Exhibit 1. The Court may also take judicial notice of its file, including the existence of its judgment and the lack of any filings purporting to note any credits toward the judgment balance or a release or satisfaction of the judgment.

Dkt. No. 36 at 1-2.

Synergy asks "that the Court appoint Receiver Ms. Dana E. Lipp, CPA to collect the judgment in this case, award attorney's fees, and provide for the payment of fees and costs to the Receiver, and order Judgment Debtor ClearPrism, LLC to turn over all nonexempt property and financial records in its possession or control, with all supporting documents as set forth in the proposed order which accompanies this motion." Dkt. No. 36 at 8.

Synergy asserts that appointment of a receiver is appropriate under Federal Rule of Civil Procedure 69(a) and the Texas Turnover Statute (Texas Civil Practice & Remedies Code § 31.002) as well as Texas Civil Practice & Remedies Code § 64.001. *See* Dkt. No. 36 at 2-4.

In support, Synergy explains that

[a] valid final judgment has been entered by this Court that remains unpaid. This Court therefore has competent jurisdiction to enforce collection.

Judgment Debtor owns property, including present or future rights to property that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. ClearPrism, LLC operates a

- 2 -

public commercial website, see https://clearprism.com/, which itself is a commercial, non-exempt asset, and this Court can take judicial notice of it. In *Restrepo v. All. Riggers & Constructors, Ltd.*, 538 S.W.3d 755, 758 (Tex. App. – El Paso 2017, no pet.) the Court of Appeals upheld a turnover order and specifically found that a domain nameallianceriggersandconstructors.com – was not exempt personal property. ClearPrism LLC reports on this website that it has offices in 6 locations in the United States (including Dallas, Texas) and an office in Prune, India. As of June 2022, ClearPrism, LLC had a bank account at American National Bank of Texas. Further, Judgment Creditor believes that unless a receiver is appointed, the Judgment Debtor will fraudulently transfer, or waste, or attempt to damage assets or place them beyond the Court's or Judgment Creditor's reach.

A Judgment Creditor is not required to exhaust all other means of collecting a judgment before asking a court to appoint a receiver. See *In re Estate of Trevino*, 195 S.W.3d 223, 231 (Tex. App. – San Antonio 2006, no pet.) ("A receiver appointed pursuant to § 64.001(a) and (b) .... is not required to show that no other adequate remedy exists.").

Dkt. No. 36 at 5.

ClearPrism responds that Texas Civil Practice & Remedies Code § 64.001(b) requires that "the property or fund must be in danger of being lost, removed, or materially injured" and that, "beyond the conclusory assertion that 'unless a receiver is appointed, the Judgment Debtor will fraudulently transfer, or waste, or attempt to damage assets or place them beyond the Court's or Judgment Creditor's reach,' [Synergy] does not identify any specific item or property that is in danger of being transferred or wasted or indicate why [Synergy] believes that [ClearPrism] will attempt to transfer, waste, or damage assets." Dkt. No. 39 at 2. And, so, ClearPrism asserts that "there is no evidence to support the appointment of a receiver." *Id*.

ClearPrism also asserts that, "[b]ecause receivership is a drastic remedy, a receiver should be appointed only if the evidence shows that some serious injury to

the applicant will result or is threatened" and that, "[a]s there is no such evidence in this case, appointment of a receiver is inappropriate." *Id.*

### Legal Standards

A federal court may enforce a money judgment "in accordance with the practice and procedure of the state in which the district court is held." FED. R. CIV. P. 69(a).

The Texas Turnover Statute "is 'the procedural device [in this state] by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process.'" *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 426 (5th Cir. 2006) (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)).

Under the Texas Turnover Statute, a judgment creditor is "entitled to aid from a court of appropriate jurisdiction ... to obtain satisfaction on the judgment if the judgment debtor owns property ... that (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a).

"To obtain relief under the turnover statute, a judgment creditor must prove: (1) the judgment debtor owns property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property cannot readily be attached or levied on or by ordinary legal process." *Maiden Biosciences, Inc. v. MPM Med. Inc.*, No. 3:18-cv-1354-D, 2021 WL 1056458, at *3 (N.D. Tex. Mar. 18, 2021) (cleaned up).

The Texas Turnover Statute permits a court to "order the judgment debtor to

turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution." TEX. CIV. PRAC. & REM. CODE § 31.002(b)(1).

The statute also provides that the court may "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3).

And Texas Civil Practice & Remedies Code § 64.001(a) provides that "[a] court of competent jurisdiction may appoint a receiver: … (2) in an action by a creditor to subject any property or fund to his claim." TEX. CIV. PRAC. & REM. CODE § 64.001(a)(2).

But Texas Civil Practice & Remedies Code § 64.001(b) provides that the party seeking appointment of a receiver under Section 64.001(a)(2) "must have a probable interest in or right to the property or fund, and the property or fund must be in danger of being lost, removed, or materially injured." TEX. CIV. PRAC. & REM. CODE § 64.001(b).

The United States Court of Appeals for the Fifth Circuit has explained that "a receivership is a remedy for taking possession of a judgment debtor's property." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012). That is, "receivership may be an appropriate remedy for a judgment creditor who seeks to set aside allegedly fraudulent conveyances by the judgment debtor, or who has had execution issued and returned unsatisfied, or who proceeds through supplementary proceedings pursuant

to Rule 69, or who seeks to subject equitable assets to the payment of his judgment, or who otherwise is attempting to have the debtor's property preserved from dissipation until his claim can be satisfied." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (cleaned up).

But the Fifth Circuit has explained that "[r]eceivership is an extraordinary remedy that should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere*, 703 F.3d at 305 (cleaned up); *accord Estate of Price*, 528 S.W.3d 591, 593-94 (Tex. App. – Texarkana 2017, no pet.) ("Even though [a] receiver appointed pursuant to section 64.001(a) and (b) of the Texas Civil Practice and Remedies Code is not required to show that no other adequate remedy exists, [t]he appointment of a receiver is a harsh, drastic, and extraordinary remedy, which must be used cautiously." (cleaned up)); *see also Cap. Funding, LLC v. TLTX Holdings, LLC*, No. 2:20-cv-5-Z, 2020 WL 264106, at *4-*5 & n.1 (N.D. Tex. Jan. 17, 2020).

"Factors that courts have considered as indicating the need for a receivership include the following: a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm." *Santibanez*, 105 F.3d at

241-42 (cleaned up).

## Analysis

In its Motion for Post-Judgment Receivership, Synergy seeks to establish that Defendant ClearPrism, LLC has not satisfied the judgment and owns non-exempt assets or property or rights to property that can be used to satisfy the judgment. *See* Dkt. No. 36.

But Synergy has not offered enough to appoint a receiver, as it requests.

Vederra offers no evidence that a receivership is necessary to prevent ClearPrism from dissipating property before it satisfies Synergy's judgment against it.

Synergy offers no evidence or facts to support a finding that any non-exempt property or funds are in danger of being lost, removed, materially injured, concealed, or diminished in value without appointment of a receiver to seize them.

And Synergy offers no evidence or facts to support a finding that this extraordinary remedy is clearly necessary to protect Synergy's interest in non-exempt assets or property that can be used to satisfy the judgment.

As ClearPrism notes, Synergy's "belie[f] that unless a receiver is appointed, [ClearPrism] will fraudulently transfer, or waste, or attempt to damage assets or place them beyond the Court's or [Synergy's] reach" does not, without more, support appointing a receiver. *See Vederra Holdings LLC v. Glob. Equity Partners, LLC*, No. 3:23-mc-38-K, 2023 WL 5945867, at *2 (N.D. Tex. Sept. 12, 2023) ("Vederra states that it 'believe[s]' that Defendants 'own property,' that Defendants 'will fraudulently

transfer, or waste, or attempt to damage assets or place them beyond the Court's or [Defendants'] reach,' and that GEP 'is insolvent or soon will be unless a receiver is appointed,' Doc. No. 2 at 5, but Vederra does not explain the basis for its beliefs or support its speculation with corroborating evidence. Vederra's conclusory assertions are an insufficient basis to grant the relief it seeks.").

And, "because [Synergy] does not prevail on [its amended motion], [it] is not entitled to reasonable attorney's fees under Chapter 31.002(e)." *Id.* at *2.

## Recommendation

The Court denies Plaintiff Synergy Advisory Services, LLC's Motion for Post-Judgment Receivership [Dkt. No. 36].

SO ORDERED.

DATED: July 15, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE